IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Byrd, | C/A No. 6:18-cv-495-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this *pro se* action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On August 22, 2019, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 67. On September 12 and 16, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on September 25, 2019. ECF Nos. 72–74. On October 7, 2019, Plaintiff submitted additional Physical Therapy records. ECF No. 76. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

On October 25, 2013, Plaintiff filed an application for SSI, alleging a disability onset date of December 12, 1996. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge

2

("ALJ"), which was held on October 27, 2016. The ALJ denied Plaintiff's application in a decision issued December 28, 2016. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff filed two sets of objections. The first is a letter to the Court, which was received on September 12, 2019. ECF No. 72. This letter does not contain any specific objections, and merely recounts Plaintiff's allegation that the ALJ failed to consider a number of his back problems and characterizes the decisions of the ALJ and Magistrate Judge as "despicable and unconstitutional." *Id.* Several days later, on September 16, 2019, Plaintiff submitted an additional document which contains four numbered objections without any supporting argument. ECF No. 73. The Commissioner contends these objections are untimely; however, the Report was not mailed to Plaintiff until September 3, 2019. ECF No. 70. Accordingly, the objections are timely; however, they are not sufficiently specific. Nonetheless, in light of Plaintiff's *pro se* status, the Court will briefly address each of Plaintiff's four objections in turn.[1]

First, Plaintiff contends the ALJ did not properly consider his prior workman's compensation determination. As the Magistrate Judge noted, the only substantive evidence Plaintiff provided about his New York workers' compensation decision was a "Notice of Proposed Decision" and a letter from a social worker, which states that the

---

[1] Plaintiff also submitted additional physical therapy documents on October 7, 2019. The Court declines to consider these documents on judicial review.

3

Plaintiff "has been classified with a Permanent Total Disability and is not receiving workers' compensation payments" but will resume receiving payments on August 10, 2023. ECF No. 67 at 15. The ALJ referenced this information in the decision. To the extent the ALJ erred in failing to discuss Plaintiff's workers' compensation injury at length, that was due to Plaintiff's failure to submit substantive information related to the injury. Accordingly, Plaintiff's first objection is overruled.

Second, Plaintiff contends the ALJ failed to properly assess whether Plaintiff meets or equals a listed impairment for disorder of spine or combination of impairments including dysfunction of the major weight bearing joints. Plaintiff did not raise this issue in his conclusory opening brief, nor has he attempted to explain the basis for his belief that his impairments meet any of the applicable listings. *See, e.g., McConnell v. Astrue*, No. 3:2009-44, 2010 WL 2925053, at *5 (W.D. Pa. July 20, 2010) ("[Claimant] makes no attempt to explain the precise basis for his belief that his impairments equaled [a listing] . . . [and] [h]e makes no direct reference to the specific criteria enumerated in [the listings]. This superficial argument constitutes a waiver of the issue."). Accordingly, Plaintiff's second objection is overruled.

Third, Plaintiff claims the ALJ did not formulate a residual functional capacity ("RFC"), which fairly took into account all of Plaintiff's objective and subjective limitations. As the Report details, the ALJ specifically discussed and relied upon Plaintiff's medical records in reaching the RFC determination. Having reviewed the record and filings of the parties, the Court finds there is substantial evidence to support this RFC determination. Accordingly, Plaintiff's third objection is overruled.

Finally, Plaintiff contends the ALJ failed to give appropriate weight to the findings and opinions of medical and non-medical sources, and failed to explain the weight given and credibility accorded as required by the Commissioner's regulations. The Court has reviewed the record and arguments of the parties, and agrees with the Magistrate Judge that the ALJ appropriately considered the opinions of record in this case. Plaintiff has not offered any specific argument as to any particular medical or non-medical source opinion. Nonetheless, the Court has conducted a *de novo* review of the Report and finds that the ALJ's consideration of the opinions is supported by substantial evidence and applied the appropriate legal standards.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 30, 2020
Spartanburg, South Carolina